## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**REGINALD JONES**                                                          **CIVIL ACTION**

**VERSUS**                                                                       **NO. 21-1207**

**EDWARD "DUSTY" BICKHAM**                                     **SECTION: "B"(3)**

## REPORT AND RECOMMENDATION

Petitioner, Reginald Jones, a Louisiana state prisoner, filed this federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  For the following reasons, it is recommended that the application be **DISMISSED WITHOUT PREJUDICE**.

This case has a long, complicated history, with petitioner litigating it in both the state and federal courts – often simultaneously.  Because resolution of the current dispute requires a complete understanding of that history, the Court will recount it – chronologically – in detail:

On April 2, 2018, petitioner was convicted of aggravated assault with a firearm (Count 1), possession of a firearm by a convicted felon (Count 2), and obstruction of justice (Count 3).[1]  On August 2, 2018, he was found to be a multiple offender and sentenced as such on each conviction to a concurrent term of twenty years imprisonment.[2]

On August 6, 2018, petitioner then proceeded directly to federal court to seek habeas corpus relief; however, that application was dismissed without prejudice because he had not exhausted his remedies in the state courts as required by federal law.[3]

---

[1] State Rec., Vol. 7 of 9, transcript of April 2, 2018, pp. 77-78; State Rec., Vol. 1 of 9, minute entry April 2, 2018; State Rec., Vol. 2 of 9, jury verdict forms.

[2] State Rec., Vol. 7 of 9, transcript of August 2, 2018; State Rec., Vol. 1 of 9, minute entry dated August 2, 2018.

[3] Jones v. Deville, Civ. Action No. 18-7454, 2019 WL 1339196 (E.D. La. Mar. 6, 2019), adopted, 2019 WL 1326374 (E.D. La. Mar. 25, 2019).

During that same time, petitioner also pursued a direct appeal in the state courts. Ultimately, however, the Louisiana Fourth Circuit Court of Appeal affirmed his convictions and sentences on February 27, 2019,[4] and the Louisiana Supreme Court denied his direct-review writ application on March 16, 2020,[5] as well as his application for rehearing on October 6, 2020.[6]

Petitioner then sought review by the United States Supreme Court.  On January 11, 2021, the Supreme Court granted relief, stating simply:

> On petition for writ of certiorari to the Court of Appeal of Louisiana, Fourth Circuit.  Motion of petitioner for leave to proceed in forma pauperis and petition for writ of certiorari granted.  Judgment vacated, and case remanded to the Court of Appeal of Louisiana, Fourth Circuit for further consideration in light of Ramos v. Louisiana, 590 U.S. ——, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020).[7]

(In Ramos, the Supreme Court had held that the United States Constitution requires a unanimous verdict to convict a defendant of a serious offense.)

On remand, on February 3, 2021, the Louisiana Fourth Circuit Court of Appeal held:

> Mr. Jones' case was pending on direct review when Ramos was decided. Thus, Ramos applies.  See Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987).  Mr. Jones did not raise the issue of the non-unanimous verdicts until he filed his application for rehearing in the Louisiana Supreme Court. Nevertheless, the Louisiana Supreme Court, in State v. Varnado, 20-0356, p. 1 (La. 6/3/20), 296 So. 3d 1051, 1051, held that even if a defendant's non-unanimous jury verdict claim was not properly preserved for review at the time Ramos was decided, the reviewing court should nonetheless include it in its error patent review.  See also La. C.Cr.P. art. 920(2).  Therefore, Mr. Jones' failure to raise the non-unanimous verdicts is not fatal and this Court should consider the issue as part of its error patent review.
> We note, however, the record is insufficient to determine whether one or more of the verdicts were non-unanimous.  Although the dissenting opinion by the Louisiana Supreme Court indicated that two of Mr. Jones' convictions were by non-unanimous verdicts and Mr. Jones appears entitled to relief on those grounds, the record reflects that jury polling slips exist, but are not currently in this Court's possession.  Moreover, the materials reflecting the non-unanimous verdicts are not

---

[4] State v. Jones, 314 So. 3d 1 (La. App. 4th Cir. 2019); State Rec., Vol. 8 of 9.
[5] State v. Jones, No. 2019-K-00533 (La. Mar. 16, 2020); State Rec., Vol. 8 of 9.
[6] State v. Jones, 302 So. 3d 520 (La. 2020); State Rec., Vol. 8 of 9.
[7] Jones v. Louisiana, 141 S. Ct. 1041 (2021); State Rec., Vol. 2 of 9.

part of the appellate record. As a result, we find the matter should be remanded to determine which verdicts, if any, were non-unanimous.

### *DECREE*

Because the polling slips are the best evidence of the jury votes, we remand the matter to the trial court to confirm which verdicts for Mr. Jones' convictions were non-unanimous. Once the vote counts are confirmed, the trial court shall provide this Court with a per curiam stating the outcome of its review. See e.g., State v. Fortune, 19-0868 (La. App. 4 Cir. 8/12/20), 310 So.3d 578.[8]

Petitioner then again returned to federal court, filing the instant application on June 18, 2021,[9] and requesting "[t]hat the State of Louisiana be Ordered to Release the Petitioner/Reginald H. Jones Immediately and Unconditionally."[10]

Thereafter, on June 29, 2021, pursuant to the Louisiana Fourth Circuit Court of Appeal's order of remand, the state district court entered an order stating in pertinent part:

> Pursuant to rulings in the Supreme Court of the United States in Ramos v. Louisiana, 590 U.S. ___, 140 S. Ct. 1390, 206 L.Ed.2d 583 (2020), the non-unanimous jury verdicts in Counts 1 & 2 of the Bill of Information (La. R.S. 14:37.4, and 14:95.1, respectively), are HEREBY **VACATED**. Count 3, which the jury unanimously returned a verdict of Guilty of Obstruction of Justice, La. R.S. 14:130.1, remains undisturbed, and the attendant sentence in the matter stands.[11]

On August 17, 2021, the state then filed a response to the instant federal application, arguing, *inter alia*, that this federal court should once again abstain from interfering with the on-going state court proceedings and that his claims are unexhausted.[12] Petitioner filed a reply to that response on August 23, 2021.[13]

---

[8] State v. Jones, 314 So. 3d 20 (La. App. 4th Cir. Feb. 3, 2021) (footnote omitted); State Rec., Vol. 4 of 9.
[9] Rec. Doc. 1.
[10] Id. at p. 15.
[11] State Rec., Vol. 2 of 9, Order Vacating Convictions dated June 29, 2021.
[12] Rec. Doc. 9.
[13] Rec. Doc. 10.

With this federal application still pending, petitioner again returned to the state courts, filing an emergency writ with the Louisiana Supreme Court on October 12, 2021.[14]  On October 14, 2021, the Louisiana Supreme Court granted that writ application but denied him relief, holding:

> Writ granted; relief denied.  Applicant Reginald Jones was found guilty of aggravated assault with a firearm, possession of a firearm by a convicted felon, and obstruction of justice.  He was sentenced to 20 years imprisonment at hard labor for each offense.  The court of appeal affirmed.  State v. Jones, 18-0973 (La. App. 4 Cir. 2/27/19), 314 So.3d 1.  The United States Supreme Court granted certiorari, vacated the court of appeal's judgment, and remanded to the court of appeal for further consideration in light of Ramos v. Louisiana, 590 U.S. ——, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020).  The United States Supreme Court's ruling reads in its entirety:
>
>> On petition for writ of certiorari to the Court of Appeal of Louisiana, Fourth Circuit. Motion of petitioner for leave to proceed in forma pauperis and petition for writ of certiorari granted. Judgment vacated, and case remanded to the Court of Appeal of Louisiana, Fourth Circuit for further consideration in light of Ramos v. Louisiana, 590 U.S. ——, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020).
>
> Jones v. Louisiana, —— U.S. ——, 141 S.Ct. 1041, 208 L.Ed.2d 513 (2021).
> On remand, the court of appeal found that Ramos applies because the convictions were not yet final when that decision was issued.  However, the court of appeal found the record insufficient to determine whether the verdicts were non-unanimous.  Therefore, the court of appeal remanded to the district court to examine the jury polling slips, determine whether the verdicts were unanimous, and then issue a per curiam stating the results.  State v. Jones, 2018-0973 (La. 2/3/21), 314 So.3d 20.
> Before the court of appeal remanded to the district court, and after the district court denied applicant's initial motion to set a bond, applicant filed a motion to reconsider that denial in which applicant sought to be immediately released from custody.  According to the applicant, the ruling of the United States Supreme Court should be construed as vacating all three convictions and sentences and finally ending this prosecution.  Therefore, there was no longer any lawful reason to imprison him.  The district court denied applicant's motion to reconsider and the court of appeal denied writs.
> Thereafter, applicant applied to this court seeking priority attention. At the outset, we observe that there is no Double Jeopardy prohibition against retrying defendant on convictions that are ultimately vacated in accordance with Ramos, contrary to the applicant's assertion.  See generally Lockhart v. Nelson, 488 U.S. 33, 38, 109 S.Ct. 285, 289, 102 L.Ed.2d 265 (1988) ("It has long been settled ... that the Double Jeopardy Clause's general prohibition against successive

---

[14] State Rec., Vol. 9 of 9, writ application in Case No. 21 KK 1465.

prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction."); see also Victor v. Robinson, Civil Action No. 20-3194 (E.D. La. 2021), available at 2021 WL 2482520.

We grant the application but deny relief because we do not agree that the United States Supreme Court vacated all three convictions and sentences when it issued the order, reproduced above, which vacated the judgment and remanded to the court of appeal. Notably, the writ of certiorari is directed at the court of appeal rather than the court of conviction. Furthermore, the United States Supreme Court remanded to the court of appeal to reconsider its affirmance in light of Ramos; it did not remand to the district court for retrial. The ruling states: "Judgment vacated." It does not state convictions or sentences vacated. If the United States Supreme Court intended to vacate the convictions, it could have done so more plainly. Finally, if the United States Supreme Court had vacated the convictions, there would have been no necessity of remanding to the court of appeal to reconsider its ruling affirming them. Accordingly, applicant's claim that there is no basis for his continued imprisonment lacks merit.

Applicant also, in conjunction with his motion to reconsider, filed a motion to recuse the prosecutor, the District Attorney, and, in fact, "the entire prosecutorial arm of the State of Louisiana" from opposing applicant's motion to be immediately released. That motion to recuse arises from the fact that the prosecutor, now employed by the Orleans Parish District Attorney, was previously associated with the Promise of Justice Initiative, which organization represented the applicant previously. While there may or may not be valid grounds to recuse the specific prosecutor from further participation in this case, those grounds would not be attributable to the District Attorney or his other assistants, see generally State v. Edwards, 420 So.2d 663, 673 (La. 1982), and certainly do not require the statewide recusal that the applicant seeks. Finally, the district court determined that the motion to recuse the prosecutor from opposing applicant's motion was moot after the court denied the motion without hearing argument from the prosecutor. We find no error in that determination.

Accordingly, we grant the application, deny relief, and remand to the district court for further proceedings in accordance with the court of appeal's instructions previously in State v. Jones, 2018-0973 (La. 2/3/21), 314 So.3d 20.

**REMANDED.**[15]

However, as noted *supra*, at the time the Louisiana Supreme Court issued its ruling, the state district court, on June 29, 2021, had in fact already complied with the Court of Appeal's remand order.

---

[15] State v. Jones, 326 So. 3d 244 (La. 2021); State Rec., Vol. 9 of 9.

On the same day that the Louisiana Supreme Court issued that judgment, i.e. October 14, 2021, proceedings were also taking place in the state district court.  Specifically, the District Attorney officially entered a nolle prosequi as to Counts 1 and 2 of the bill of information.[16]

In November of 2021, petitioner launched another attack in the state district court by filing an application for post-conviction relief.  In that application, he asserted two claims:

1.      He, once again, argued that the United States Supreme Court had held that his entire state criminal judgment was unconstitutional and, therefore, his continued incarceration based on that judgment was likewise unconstitutional.  (As noted, the Louisiana Supreme Court had already considered and expressly rejected that argument less than one month earlier.)

2.      He also argued that because "the Prosecution decided to Dismiss the weapons charges, the remaining Obstruction of Justice Charge that 'rested on' Defendant discarding an object he used to frighten his neighbor became factually unsupportable.  With the removal of the weapon charges from the case, discarding an object cannot be a crime.  Hence, no factual or legal basis exist to keep Defendant in prison."[17]

Also in November of 2021, petitioner filed in this pending federal action a "Supplemental Memorandum,"[18] which he later supplemented.[19]  In that "Supplemental Memorandum," he noted that the two weapons charges (Counts 1 and 2) had been nolle prossed, and he likewise claimed that "[w]ithout weapons charges, the factual foundation for the Obstruction of Justice Charge vanishes, and nothing remains but the Petitioner discarding a non-weapon in his criminal case.

---

[16] State Rec., Vol. 9 of 9, minute entry October 14, 2021.
[17] State Rec., Vol. 9 of 9, "Petition for Post-Conviction Relief," pp. 6-7.
[18] Rec. Doc. 13.
[19] Rec. Doc. 15.

Hence, no basis exists for him to now be in prison."[20]   To his credit, he candidly acknowledged that his post-conviction application asserting that same claim was currently pending in the state district court.[21]

Lastly, on January 5, 2022, petitioner filed a "Supplemental Motion for Expedited Consideration of Petitioner's Writ of Habeas Corpus Filed on June 17, 2021 Due to {I} The State of Louisiana's Flat Refusal to Honor SCOTUS' Ruling Declaring Petitioner's Criminal Judgment Unconstitutional, {II} The State of Louisiana Dismissing Weapons Charges Against Petitioner, and {III} The State of Louisiana Now Filing a Contradictory Motion for Costs to Keep Petitioner in Prison Against the Law, Louisiana Procedure, and Clear Facts in the Case,"[22] which he then also supplemented on that same date.[23]   In that "Supplemental Motion," he noted that the District Attorney had filed a "Motion for Costs to Be Assessed for Filing a Frivolous Action" in the state district court, seeking sanctions against petitioner's counsel for the filing of the most recent state post-conviction application.  He also noted that he had likewise filed a cross motion for sanctions against the District Attorney.[24]

**So, to summarize:**

1.  Petitioner was originally convicted of aggravated assault with a firearm (Count 1), possession of a firearm by a convicted felon (Count 2), and obstruction of justice (Count 3) in Louisiana state court.

2.  While his conviction was on direct review, the United States Supreme Court decided <u>Ramos</u>.

---

[20] Rec. Doc. 13, pp. 1-2.
[21] According to the online Docket Master of the state district court, that post-conviction application remains pending and is currently set for hearing on March 16, 2022.
[22] Rec. Doc. 18.
[23] Rec. Doc. 20.
[24] Copies of those two motions can be found in Volume 9 of the state court record.

3.      In light of <u>Ramos</u>, the United States Supreme Court vacated petitioner's state court judgment and remanded the case "to the Court of Appeal of Louisiana, Fourth Circuit for further consideration …."

4.      The Louisiana Fourth Circuit Court of Appeal then remanded the matter to the state district court to confirm which verdicts in the case were non-unanimous.

5.      After reviewing the polling slips, the state district court determined that the verdicts on Counts 1 and 2 were non-unanimous and, therefore, vacated the verdicts on those two counts.  However, the state district court determined that the verdict on Count 3 was unanimous and held that the conviction and sentence on that count therefore remained in effect.

6.      The Louisiana Supreme Court thereafter held that petitioner could be retried on Counts 1 and 2.

7.      However, the District Attorney then nolle prossed Counts 1 and 2.

8.      Petitioner has sought state post-conviction relief as to Count 3, and his application currently remains pending in the state district court.

### <u>Counts 1 and 2</u>

As noted, petitioner's convictions on Counts 1 and 2 were vacated, and the District Attorney has now elected to dismiss those counts.  Accordingly, there is simply no longer any form of relief that this Court could grant petitioner under the habeas laws with respect to Counts 1 and 2.

### <u>Count 3</u>

Count 3, however, is a different matter.  Because petitioner indisputably remains in custody based on his conviction on Count 3, habeas relief is **potentially** available as to that count under 28

U.S.C. § 2254.  Nevertheless, such relief is not **currently** available to him, because, as was true with his initial federal application, he has not complied with the federal exhaustion requirement.

It is black-letter law that, "[b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotation marks omitted).  For that exhaustion requirement to be satisfied, a federal petitioner must afford the state's highest court with a "fair opportunity" to pass upon his claims by first presenting those claims to that state court in a procedurally proper manner according to the applicable state court rules.  Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988) (quotation marks omitted).  The United States Supreme Court has observed:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. ... [F]ederal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Rose v. Lundy, 455 U.S. 509, 518 (1982) (footnote, citations, quotation marks, and brackets omitted).

Therefore, this Court must resolve two issues:  (1) What claims are being asserted by petitioner in this federal proceeding? and (2) Were those claims exhausted in the state courts?

The answer to that first question is not blatantly clear, because petitioner's various filings in this federal case are somewhat convoluted.  Nonetheless, it appears that he is essentially asserting two claims challenging the constitutionality of his continued incarceration based on his unanimous conviction on Count 3:

1.    His continued incarceration is unconstitutional because his conviction on Count 3 no longer exists, in that it was vacated (in its entirety) by the United States Supreme Court in <u>Jones v. Louisiana</u>, 141 S. Ct. 1041 (2021).

2.    Alternatively, if the conviction remains in effect, it is invalid, because:

    a.    The conviction for obstruction of justice was related to the events of Counts 1 and 2.

    b.    Petitioner was guilty of obstruction only if he was in fact also guilty of the crimes charged in Counts 1 and 2 – in his words, Counts 1 and 2 served as the "foundation" for Count 3.

    c.    He was never validly convicted of Counts 1 and 2, **and the District Attorney has now formally nolle prossed those two counts**.[25]

    d.    In light of the foregoing, the "foundation" of Count 3 has "vanished" and, so, his continued incarceration based on Count 3 is unconstitutional.[26]

For the exhaustion requirement to have been met in the instant case, petitioner must have exhausted **both** of those two claims. <u>See</u> <u>Rose</u>, 455 U.S. at 520 ("[O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants:  before you bring any claims to federal court, be sure that you first have taken **each one** to state court." (emphasis added)).  He has not yet done so.

As to the first claim, it is true that the Louisiana's highest state court, the Louisiana Supreme Court, has considered – and expressly rejected – petitioner's underlying argument, stating:  "[W]e do **not** agree that the United States Supreme Court **vacated** all **three convictions** and sentences ….  [T]he United States Supreme Court remanded to the court of appeal to

---

[25] <u>See</u> Rec. Doc. 13, p. 1.
[26] <u>See</u> <u>id.</u> at pp. 1-2.

**reconsider its affirmance** in light of <u>Ramos</u> …."[27]  Therefore, arguably, that claim may be exhausted.

However, even if so, petitioner's second alternative claim clearly is not yet exhausted. When petitioner filed his most recent Louisiana Supreme Court writ application on October 12, 2021, the District Attorney had not yet nolle prossed Counts 1 and 2.  That did not occur until October 14, 2021, **two days after petitioner filed that writ application**.  Obviously, therefore, petitioner has **never** afforded the Louisiana Supreme Court a "fair opportunity" to consider what effect (if any) the District Attorney's entry of the nolle prosequi on Counts 1 and 2 had on his conviction on Count 3.

On the contrary, that claim is just now being litigated in the state district court in petitioner's pending post-conviction application.  If the state district court ultimately denies post-conviction relief on that claim, then he must pursue his available remedies in the Louisiana Fourth Circuit Court of Appeal and, if necessary, the Louisiana Supreme Court.  Until that process plays out, his second claim cannot be said to be exhausted and is not ripe for consideration before this Court.[28]

Therefore, **at best**, petitioner's application is a "mixed" petition, and "mixed" petitions must be dismissed without prejudice.  <u>See</u> <u>Rose</u>, 455 U.S. at 522 ("[B]ecause a total exhaustion

---

[27] <u>State v. Jones</u>, 326 So. 3d 244, 246 (La. 2021) (emphasis added).

[28] Out of an abundance of caution, the Court expressly notes that petitioner argues that he "is not required, in seeking release from prison, to pursue his claims through TWO procedural cycles to the highest state court."  Rec. Doc. 10, p. 3.  That general principle is true.  <u>See, e.g.</u>, Brian R. Means, Federal Habeas Manual § 9C:19 (May 2021 Update) ("Multiple exhaustion to the state's highest court is not required even though multiple remedies might theoretically be available.").  But that general principle does not aid him here.  Although a claim does not have to be presented to the state's highest court **more than once**, it does have to be presented **at least once** on **either** direct **or** collateral review.  <u>See</u> <u>Busby v. Dretke</u>, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings."); <u>Carter v. Estelle</u>, 677 F.2d 427, 443 (5th Cir. 1982) ("Exhaustion normally requires only that the federal claim have been fairly presented to the highest court of the State, either on direct review of the conviction or in a post-conviction attack." (quotation marks omitted)).  However, again, petitioner has never fairly presented his second claim (i.e. that the District Attorney's entry of the nolle prosequi on Counts 1 and 2 caused the "foundation" of Count 3 to "vanish") to the Louisiana Supreme Court on either direct or collateral review even once, much less twice.

rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims."); see also Pliler v. Ford, 542 U.S. 225, 230 (2004) ("Under Rose, federal district courts must dismiss mixed habeas petitions."); Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998) ("A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice.").

## **RECOMMENDATION**

It is therefore **RECOMMENDED** the federal application for habeas corpus relief filed by Reginald H. Jones be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this _____22nd_____ day of February, 2022.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**