UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **REGINALD H. JONES** | * | |
| | * | CIVIL ACTION |
| VERSUS | * | |
| | * | Case No.: 21-1207-ILRL-DMD |
| **EDWARD "DUSTY" BICKHAM** | * | |
| | * | SECTION: "B" (3) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PETITIONER'S CORRECTED {I} MOTION FOR RECONSIDERATION DUE TO PETITIONER'S EXHAUSTION OF STATE REMEDIES, {II} MEMORANDUM OF LAW, {III} NOTICE OF SUBMISSION, & {IV} STATEMENT[1]**

Reginald H. Jones (hereinafter "Petitioner") moves for reconsideration of the Court's dismissal of his Writ of Habeas Corpus (without prejudice) on 12/12/22. As grounds therefor, he says

1. On Monday, December 12, 2022, this court held a hearing on Petitioner's Writ of Habeas Corpus. The Petitioner's attorneys and an attorney for the State's Attorney's Office were present. The Warden was not present despite the Court Order requiring such.

---

[1] Petitioner's Documents {II}, {III}, and {IV} are attachments to this motion and incorporated by reference.

2. The Petitioner's attorneys filed several supplements to his Writ of Habeas Corpus, keeping the court updated of the State's resistance to releasing Petitioner from prison despite the United States Supreme Court (hereinafter "SCOTUS") vacating the criminal judgment against him without conditions.

3. The State's Attorney's Office failed to respond to Petitioner's supplemental pleadings.

4. The Court ruled during the 12/12/22 Hearing that Petitioner had not exhausted his state remedies because he had not "traveled" the state appellate route twice.

5. The present state of the law does not require the Petitioner to pursue his claims through more than one cycle to the highest state court.

6. Further, Petitioner exhausted his state remedies once and doing so twice was unnecessary (according to case law) in light of the Louisiana Supreme Court ruling that it disagreed with SCOTUS' vacatur, leading to the lower state courts following that ruling and the state appellate court quoting the Louisiana Supreme Court's position.

**WHEREFORE,** Petitioner respectfully requests that {i} Louisiana be Ordered to release him from prison immediately regardless of future hearings or not; {ii} his Writ of Habeas Corpus be granted immediately, and {iii} Louisiana be Ordered to follow SCOTUS' ruling of Petitioner's unconstitutional imprisonment, without exception, in all matters pertaining to his complete and unconditional freedom.

*Respectfully submitted,*

| | |
|---|---|
| */s/ Warren McKenna III* | */s/ Rickey Nelson Jones* |
| Warren McKenna III | Rickey Nelson Jones |
| Warren McKenna III | Law Offices of Reverend Rickey |
| The McKenna Firm, LLC | Nelson Jones, Esquire |
| 3201 General De Gaulle Drive | 3rd Floor – Suite 5 |
| Suite 201 | 1701 Madison Avenue |
| New Orleans, LA 70114 | Baltimore, Maryland 21217 |
| warren@mckennafirm.com | joneses003@gmail.com |
| 504-2084545 | 410-462-5800 |
| 504-208-4535 (f) | 1-253-322-4549 (f) |
| Bar #:24553 | Bar #: MD12088 |
| *Local Counsel* | *Pro Hac Vice & Lead Counsel* |

## Certificate of Service

      I hereby certify that a copy of this pleading has been filed with the Clerk of this court by using the CM/ECF System, which will send a notice of electronic filing to opposing counsel of record, this 14th day of December, 2022.

| | |
|---|---|
| ***/s/ Warren McKenna III*** | ***/s/ Rickey Nelson Jones*** |
| Warren McKenna III | Rickey Nelson Jones |
| Warren McKenna III | Law Offices of Reverend Rickey |
| The McKenna Firm, LLC |     Nelson Jones, Esquire |
| 3201 General De Gaulle Drive | 3rd Floor – Suite 5 |
| Suite 201 | 1701 Madison Avenue |
| New Orleans, LA 70114 | Baltimore, Maryland 21217 |
| warren@mckennafirm.com | joneses003@gmail.com |
| 504-208-4545 | 410-462-5800 |
| 504-208-4535 (f) | 1-253-322-4549 (f) |
| Bar #:24553 | Bar #: MD12088 |
| | |
| ***Local Counsel*** | ***Pro Hac Vice & Lead Counsel*** |