UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REGINALD JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1207** |
| **EDWARD BICKHAM** | **SECTION "B"(4)** |

## ORDER AND REASONS

Before the Court is defendant Reginald Jones' corrected motion for reconsideration due to petitioner's exhaustion of state remedies (Rec. Doc. 43).[1]

**IT IS ORDERED** that petitioner's motion is **DENIED**, in view of the Court's adoption of the Magistrate Judge's Report and Recommendation (Rec. Doc. 25) during the hearing on December 12, 2022. *See generally* Rec. Doc. 41. As noted during the status conference and re-iterated in this Order, the petition for writ of habeas corpus is **DISMISSED without prejudice**.

## FACTS & PROCEDURAL HISTORY

On April 2, 2018, petitioner was convicted of aggravated assault with a firearm (Count 1), possession of a firearm by a convicted felon (Count 2), and obstruction of justice (Count 3) in

---

[1] Although petitioner's motion for reconsideration (Rec. Doc. 43) was set for submission for January 4, 2023, making the defendants' response, if any, due on December 27, 2022, defendants failed to submit any response in opposition. Relatedly, defendants also failed to file any opposition to the underlining objection (Rec. Doc. 26) and admitted that much during the December 12, 2022 hearing. However, the defendant's lack of response does not affect petitioner's failure to comply with the federal exhaustion requirement. Rec. Doc. 25 at 9.

1

state court. Rec. Doc. 25 at 1. On August 2, 2018, he was found to be a multiple offender and was sentenced to a concurrent term of twenty-years imprisonment for each conviction. *Id.*

On August 6, 2018, petitioner then proceeded directly to federal court to seek habeas corpus relief. *Id.* However, that application was dismissed without prejudice because petitioner had not yet exhausted his remedies in state court as required by federal law. *Id.*

During that same time, petitioner also pursued a direct appeal in the state courts. *Id.* at 2. Ultimately, however, the Louisiana Fourth Circuit Court of Appeal affirmed his convictions and sentences on February 27, 2019. The Louisiana Supreme Court denied his direct-review writ application on March 16, 2020, as well as his application for rehearing on October 6, 2020. *Id.*

Petitioner then sought review by the United States Supreme Court, which granted relief on January 11, 2021. *Id.* Following the Court's recent decision in *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020), which held that the United States Constitution requires a unanimous verdict to convict a defendant of a serious offense, the Court vacated the lower court's judgment and remanded the matter to the Louisiana Fourth Circuit Court of Appeal. *Id.*

On remand, on February 3, 2021, the Louisiana Fourth Circuit Court of Appeal held that petitioner was eligible for review under *Ramos*. *Id.* However, the court determined that the record was

2

insufficient to evaluate whether one or more of the verdicts were non-unanimous. *Id.* Therefore, the court remanded the matter to the trial court to make this assessment. *Id.*

Again, without exhausting his state court remedies, petitioner returned to federal court, filing the instant application for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 on June 18, 2021, and requesting "that the State of Louisiana be Ordered to Release the Petitioner/Reginald H. Jones Immediately and Unconditionally." *Id.* at 3.

On June 29, 2021, pursuant to the Louisiana Fourth Circuit Court of Appeal's order of remand, the state district court vacated Counts 1 and 2 of petitioner's convictions, finding that the verdicts for these counts were non-unanimous. *Id.* However, the state district court determined the verdict on Count 3 was unanimous, and thus, petitioner's conviction and sentence remained in effect. *Id.*

On August 17, 2021, the state then filed a response to the instant federal application, arguing, inter alia, that this federal court should once again abstain from interfering with the ongoing state court proceedings and that petitioner's claims were unexhausted. Rec. Doc. 9. Petitioner filed a reply to that response on August 23, 2021. Rec. Doc. 10.

With his second federal application still pending, petitioner filed an emergency writ with the Louisiana Supreme Court on October

3

12, 2021. Rec. Doc. 25 at 4. Two days later, the Louisiana Supreme Court granted writ and denied the petitioner relief. *Id.* Louisiana's highest court held that the United States Supreme Court did not vacate all three of his convictions and sentences. *Id.* Instead, the United States Supreme Court vacated the judgment and remanded the case to the Louisiana Court of Appeal. *Id.* The Louisiana Supreme Court believed that the Court would have vacated the convictions more plainly if they wanted to do so. *Id.* at 5. The same day, the Louisiana Supreme Court issued its judgment, the District Attorney officially entered a nolle prosequi as to Counts 1 and 2 of the bills of information. *Id.* at 6.

In November 2021, petitioner filed an application for post-conviction relief in state court. *Id.* He asserted that the United States Supreme Court held that his entire state criminal judgment was unconstitutional and that there was no legal basis for sustaining Count 3 when the District Attorney already dropped Counts 1 and 2. *Id.* This application was denied by the Louisiana trial court and the Louisiana Fourth Circuit Court of Appeal. Rec. Docs. 28, 32.

Also in November 2021, petitioner filed a supplemental memorandum in the instant federal action. Rec. Docs. 13, 15, 23. In the supplemental memorandum, petitioner notes that the two weapons charges (Counts 1 and 2) had been nolle prosed, and likewise, claims that "without weapons charges, the factual

4

foundation for the Obstruction of Justice Charge vanishes, and nothing remains but the Petitioner discarding a non-weapon in his criminal case. Hence, no basis exists for him to now be in prison." Rec. Doc. 25 at 6.

On February 22, 2022, the Magistrate Judge issued a Report and Recommendation recommending that petitioner's writ for habeas corpus relief be dismissed without prejudice. *Id.* Less than a week later, petitioner filed an objection. Rec. Doc. 26. On March 24, 2022, petitioner submitted a motion for leave to supplement his objections, which was granted by the Court on March 31, 2022. Rec. Docs. 28, 30-31. Petitioner filed another motion for leave to supplement his objections on June 22, 2022. Rec. Doc. 32. Petitioner later filed a motion for leave to file exhibit (Rec. Doc. 37), which the Court granted (Rec. Doc. 37).

On December 12, 2022, the Court held an oral argument with counsel for all parties. At the conclusion of the hearing, the Court adopted the Magistrate Judge's Report and Recommendation (Rec. Doc. 25), found that petitioner Jones had not exhausted his state remedies before filing his writ of habeas corpus, and dismissed the case without prejudice. Shortly after, petitioner filed the instant motion for reconsideration. Rec. Doc. 43.

## **LAW AND ANALYSIS**

**A. Standard of Review**

5

A District Court may refer dispositive matters to a Magistrate Judge, who issues a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). A petitioner may file an objection to the Report and Recommendation within fourteen days. *Id*.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") controls this Court's review of a 28 U.S.C. § 2254 habeas corpus petition. *See Poree v. Collins*, 866 F.3d 235, 245 (5th Cir. 2017) ("Federal habeas proceedings are subject to the rules prescribed by the Antiterrorism and Effective Death Penalty Act."). If a petitioner makes a timely objection to a Magistrate Judge's findings and recommendation, then the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

**B. Exhaustion**

**1. United States Supreme Court decision**

One of the threshold questions in habeas review is whether the petitioner's claims were adjudicated on the merits in state court, i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.

6

*Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)); *see also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Rhines v. Weber*, 544 U.S. 269, 273 (2005). Indeed, 28 U.S.C. § 2254(b)(1)(A) states, "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."

The United States Supreme Court has interpreted the exhaustion requirement under 28 U.S.C. § 2254(b), (c) in plain and simple instruction: "before [defendants] bring any claims to federal court" they must "first have taken each one to state court." *Rose*, 455 U.S. at 510; *Rhines*, 544 U.S. at 276. The policy behind this rule is that it gives the state an "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Picard v. Connor*, 404 U.S. 270, 275-76 (1971)). Once the state has had this opportunity, a prisoner has exhausted their state remedy and can possibly bring their claim to federal court. *Baldwin,* 541 U.S. at 29. However, under § 2254, a court may deny an application for a writ of habeas corpus on the merits, even if an applicant has failed to exhaust state court remedies. *See* 28 U.S.C. § 2254(b)(2); *Jones v. Jones*, 163 F.3d 285, 299 (5th Cir. 1998).

7

A habeas claim is exhausted when the prisoner "'fairly present[ed]' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)." *Baldwin*, 541 U.S. at 29; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Moreover, these claims are exhausted when the substance of the federal court claim presents the same factual and legal theories urged to the state's highest court according to state court rules. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) (noting **all claims** in a federal habeas application should have been previously assessed by a state court) (emphasis added).

Here, the petitioner presented his first claim to the highest court in Louisiana. Rec. Doc. 25 at 10. This claim involved an assertion that the "United States Supreme Court vacated all three convictions and sentences." *Id.* In the Report and Recommendation, the Magistrate Judge opined "arguably, that claim may be exhausted." *Id.* at 11. The Judge based her conclusion on the Louisiana Supreme Court's ruling, which states "[We do not agree] that the United States Supreme Court vacated all three convictions and sentences when it issued the order." *State v. Jones*, 326 So. 3d 244, 246 (La. 2021). While the Louisiana Supreme Court ultimately denied petitioner relief, it considered the petitioner's claim. *See Id.* Consequently, it appears Louisiana's highest court had an opportunity to hear this **first** claim, and

therefore, the Magistrate Judge did not err in concluding that this claim "arguably may be exhausted." *See* Rec. Doc. 25 at 11.

### 2. Obstruction of Justice Conviction

When a habeas petition raises arguments that differ from the state court claims, the petition contains unexhausted claims. *Whitehead,* 157 F.3d at 387; *Wilder*, 274 F.3d at 259 ("[W]here [a] petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement."). If a petitioner brings additional evidence for a claim in the federal habeas application, that was not included in the state habeas application, then that claim is also not exhausted. *See Kunkle v. Dretke*, 352 F.3d 980, 986 (5th Cir. 2003). "It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." *Wilder*, 274 F.3d at 259; *see also Duncan v. Henry*, 513 U.S. 364, 366 (1995).

In his petition, petitioner argued that Count 3 was invalid because the dismissal of Counts 1 and 2 removed the foundation of Count 3. Rec. Doc. 25 at 10. But in her Report and Recommendation, the Magistrate Judge concluded that this claim was unexhausted. *Id.* at 11. In petitioner's objections, he argues that Count 3 is invalid because the "facts upon which the Obstruction of Justice Charge rest have been eliminated from the case statutorily." Rec. Doc. 26 at 6. The Court agrees with the Magistrate Judge.

9

Petitioner's claim has not been exhausted. First, the argument the petitioner presented to the Louisiana Supreme Court is not substantially equivalent to the one that is before the court now. *See Wilder*, 274 F.3d at 259. Louisiana's highest court, in *State v. Jones*, ruled on a specific issue, the petitioner's interpretation of his United States Supreme Court ruling was incorrect. *Jones*, 326 So. 3d at 246. At the time, the District Attorney had yet to dismiss the petitioner's convictions and sentences for Counts 1 and 2. Rec. Doc. 25 at 6. Petitioner's current claim is based on the District Attorney's actions having this eliminating effect on his conviction and sentence for Count 3. Rec. Doc. 25 at 8; Rec. Doc. 26 at 3. However, the District Attorney did not dismiss those counts until two days after the Louisiana Supreme Court ruling. Rec. Doc. 25 at 11. Thus, this argument was never presented to the Louisiana Supreme Court because the underpinning facts driving this present claim did not exist at the time of the ruling. *See Picard*, 404 U.S. at 513 (noting that a habeas corpus petitioner must have fairly presented the substance of his claim to the state courts). Consequently, this new claim is inconsistent with the claim presented in *State v. Jones*, 326 So. 3d at 246, and it must still be presented to Louisiana's highest court. *Wilder*, 274 F.3d at 259.

Second, the record contains nothing to establish that the petitioner presented this claim concerning Count 3 to the Louisiana

10

Supreme Court. Petitioner asserts that he presented this argument to the Louisiana Civil District Court in a post-conviction proceeding. Rec. Doc. 27 at 2. The District Court denied petitioner relief because it reasoned that the crime of obstruction of justice is a crime that can "stand on its own." *Id*. Petitioner also notes that the Louisiana Fourth Circuit Court of Appeal denied his supervisory writ on this issue. Rec. Doc. 32. Though it appears that petitioner presented this claim to the district court and attempted to present it to the Louisiana Fourth Circuit Court of Appeal, petitioner has still not exhausted his claim under 28 U.S.C. § 2254; *Baldwin*, 541 U.S. at 29. Therefore, because petitioner has not yet given the Louisiana Supreme Court an opportunity to consider his claim challenging his Count 3 conviction, this claim is unexhausted. *See Id*.[2]

**C. Mixed Petitions**

Finally, the exhaustion requirement must be met with respect to each claim in a petitioner's habeas application. See *Rose*, 455 U.S. at 520. If a petitioner's habeas application contains both exhausted and unexhausted claims, then the application is considered a "mixed petition." *Id.* at 522; *Pliler v. Ford*, 542

---

[2] Rather than providing United States Supreme Court or Fifth Circuit authority as requested during the hearing, petitioner notes several Fourth Circuit Court of Appeals decisions for the proposition that exhaustion is only required once. Rec. Doc. 43-1 at 2-3. Problematically, this authority is merely persuasive, not binding, and moreover, is distinguishable from the facts here.

U.S. 225, 233 (2004). "[B]ecause a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitioners containing both unexhausted and exhausted claims." *Rose*, 455 U.S. at 522. However, the petitioner also has the choice "to proceed on the exhausted claims while risking subjecting later petitions that raise new claims to rigorous procedural obstacles." *Rhines*, 544 U.S. at 276.

As petitioner's second claim is unexhausted and petitioner's first claim is "arguably" exhausted, the instant application is a mixed petition subject to dismissal. *See* Rec. Doc. 25 at 11; *Rose*, 455 U.S. at 522 (holding "that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims"); *Pliler*, 542 U.S. at 230 ("Federal district courts must dismiss habeas petitions."); *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998) ("A habeas petition containing both exhausted an unexhausted claims is a 'mixed' petition which should be dismissed without prejudice.").

However, if there is good cause for a petitioner's failure to exhaust claims, then the district court could stay, rather than dismiss, the mixed petition. *Rhines*, 544 U.S. at 278 (stating that a court can grant a stay "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged

12

in intentionally dilatory litigation tactics.") Without good cause, a petitioner can proceed with only the exhausted claims when dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. *Id.*; *Rose*, 455 U.S. at 520.

Petitioner did not argue good cause in his objection to the Report and Recommendation, the instant motion for reconsideration, nor in any of his supplemental memoranda. The petitioner has again failed to show anything new to excuse the failure to exhaust state court remedies relative to Count 3 to the Louisiana Supreme Court.

New Orleans, Louisiana this 2nd day of February, 2023

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE